EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Diana Martajeva<br><br>Peticionaria<br><br>v.<br><br>Hermán Ferré Morris; Diana Ferré Morris; Jo-Ann Ferré Crossley; John William Ferré Crossley; y James Michael Ferré Crossley<br><br>Recurridos | Certiorari<br><br>2022 TSPR 123<br><br>210 DPR ____ |

Número del Caso:  CC-2019-607


Fecha: 12 de octubre de 2022


Tribunal de Apelaciones:

    Panel X


Abogado de la parte peticionaria:

    Lcdo. José J. Belén Rivera


Abogados de la parte recurrida:

    Lcdo. Héctor Olán Batista
    Lcdo. John W. Ferré Crossley


Materia: Procedimiento Civil – El término de 120 días provisto en la Regla 4.3 (c) de Procedimiento Civil queda en suspenso una vez el foro judicial decreta la suspensión de los procedimientos con el propósito de que una parte demandante no residente preste la fianza.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diana Martajeva

      Peticionaria

        v.                      CC-2019-0607

Hermán Ferré Morris; Diana Ferré
Morris; Jo-Ann Ferré Crossley;
John William Ferré Crossley; y
James Michael Ferré Crossley

      Recurridos

La Jueza Presidenta Oronoz Rodríguez emitió la Opinión del Tribunal

En San Juan, Puerto Rico, a 12 de octubre de 2022.

Este recurso nos presenta la oportunidad de aclarar cuál es el efecto de la suspensión de los procedimientos judiciales —decretada por virtud de la Regla 69.5 de Procedimiento Civil, _infra_— sobre el término para diligenciar un emplazamiento según dispuesto en la Regla 4.3 (c) de Procedimiento Civil, _infra_.

Tras examinar detenidamente el expediente del recurso ante nos y realizar un ejercicio hermenéutico riguroso y sosegado de las normas legales aplicables, determinamos que el término de 120 días provisto en la Regla 4.3 (c) de Procedimiento Civil, _infra_, queda en suspenso una vez el foro judicial decreta la suspensión de los procedimientos con el propósito de

que una parte demandante no residente preste la fianza. Ello, siempre y cuando al momento de decretar la suspensión, el término para emplazar no haya transcurrido.

Veamos los hechos que dieron génesis a esta controversia.

**I**

El 27 de junio de 2018 la Sra. Diana Martajeva (señora Martajeva) presentó ante el Tribunal de Primera Instancia una *Demanda* sobre división de comunidad de bienes hereditarios contra el Sr. Hermán Ferré Morris, la Sra. Diane Ferré Morris, la Sra. Jo-Ann Ferré Crossley, el Sr. John William Ferré Crossley y el Sr. James Michael Ferré Crossley (demandados-recurridos), todos miembros de la sucesión del Sr. Hermán Ferré Roig (causante).[1] Expuso que era residente de España, que era la cónyuge supérstite del causante y que, a tal efecto, demandó a la sucesión de este para que se le adjudicara y pagara su cuota viudal usufructuaria.[2]

Más adelante —y oportunamente—, la señora Martajeva emplazó a todos los demandados-recurridos, pero adujo que confrontó dificultades para emplazar personalmente al señor John William Ferré Crossley.[3]

En el ínterin, el señor James Michael Ferré Crossley presentó un escrito en el que le solicitó al foro primario que, al amparo de la Regla 69.5 de Procedimiento Civil,

---

[1] Apéndice del *certiorari*, págs. 102-105.
[2] Íd.
[3] Íd., pág. 94.

infra, le requiriera a la señora Martajeva la prestación de una fianza por ser una demandante no residente de Puerto Rico.[4] Peticionó además que se suspendieran todos los procedimientos hasta tanto la señora Martajeva prestara la fianza.[5]

Consecuentemente, mediante una *Orden* de 2 octubre de 2018 el foro primario dictaminó que la señora Martajeva debía prestar $2,000 en concepto de fianza de no residente. Asimismo, **decretó que el caso quedaba paralizado hasta tanto ella cumpliera con esa exigencia.**[6]

En cumplimiento, el 13 de noviembre de 2018 la señora Martajeva prestó la fianza requerida.[7] En esa misma fecha —aunque en un escrito separado— también solicitó que se le autorizara emplazar por edicto al señor John William Ferré Crossley. Esto, dado que, a pesar de las gestiones realizadas para diligenciar el emplazamiento de manera personal, ello no fue posible.[8]

Luego, el 3 de diciembre de 2018 el foro primario emitió dos órdenes. Mediante la primera **autorizó la fianza prestada y ordenó la continuación de los procedimientos.**[9] En la segunda, acogió la solicitud de emplazar por edicto al señor

---

[4] Íd., pág. 216.
[5] Íd.
[6] Íd., pág. 101.
[7] Íd., pág. 99.
[8] Estas gestiones se acreditaron mediante una declaración jurada que se anejó a esa solicitud. Íd., pág. 96.
[9] Apéndice del *certiorari*, pág. 93.

John William Ferré Crossley y ordenó que este fuera emplazado de esta forma y que, una vez ello ocurriera, se presentara evidencia a tal efecto.[10]

Así las cosas, el 4 de diciembre de 2018 tres (3) de los demandados-recurridos, a saber, el señor Hermán Ferré Morris, la señora Diane Ferré Morris y el señor James Michael Ferré Crossley presentaron una *Moción de desestimación*.[11] Enunciaron que cuando se presentó la solicitud de emplazar por edicto al señor John William Ferré Crossley, ya habían transcurrido 139 días desde la presentación de la demanda. Asimismo, adujeron que al 4 de diciembre de 2018 no se había emplazado al señor John William Ferré Crossley y que habían transcurrido 152 días desde la presentación de la demanda, lo que representaba 32 días en exceso del término de 120 días que dispone la Regla 4.3 (c) de Procedimiento Civil, infra, para diligenciar los emplazamientos.[12] En ese sentido coligieron que, toda vez que el señor John William Ferré Crossley es una parte indispensable —por ser un pleito sobre bienes hereditarios— y que este no fue emplazado oportunamente, procedía desestimar la demanda. Apoyaron su postura en lo resuelto en Bernier Rodríguez v. Rodríguez Becerra, 200 DPR 637 (2018), en cuanto a la improrrogabilidad del término para diligenciar los emplazamientos.

---

[10] Íd., pág. 91.
[11] Íd., pág. 87.
[12] Adviértase que, si bien el escrito de desestimación tiene fecha de 26 de noviembre de 2018, se presentó en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) el 4 de diciembre de 2018. El cómputo al que se hace referencia se realizó con relación a la primera fecha.

La señora Martajeva se opuso a la desestimación.[13] Manifestó que, a pesar de que los demandados-recurridos alegaron que los emplazamientos se diligenciaron sin que se solicitara una prórroga, en este caso ello no era necesario. Esto, pues el término de 120 días que establece la Regla 4.3 (c) de Procedimiento Civil, infra, para emplazar se encontraba hábil.

En específico, la señora Martajeva aseveró que el tribunal expidió los emplazamientos el 20 de julio de 2018, fecha a partir de la cual, a su juicio, comenzó a transcurrir el término para su diligenciamiento. Por consiguiente, al 2 de octubre de 2018, fecha de la paralización, habían transcurrido 74 de los 120 días que tenía para diligenciar el emplazamiento del señor John William Ferré Crossley. Añadió que el 13 de noviembre de 2018 prestó la fianza de no residente requerida y, en consecuencia, el 3 de diciembre de 2018 el foro primario dejó sin efecto la paralización del caso y ordenó la continuación de los procedimientos. Arguyó que en esa misma fecha el foro primario autorizó emplazar por edicto al señor John William Ferré Crossley. A base a ello, coligió que el emplazamiento se expidió al día número 74, es decir, antes de que venciera el término de 120 días que establece la Regla 4.3 (c) de Procedimiento Civil, infra.

Luego de varios trámites procesales, el foro primario

---

[13] Apéndice del certiorari, pág. 82.

emitió una *Resolución* en la que declaró no ha lugar la moción de desestimación. En síntesis, razonó:

> Un examen del expediente refleja que no procede la desestimación solicitada.
>
> Surge de los autos que el 2 de octubre de 2018 se le ordenó a la parte demandante prestar una fianza al amparo de la Regla 69.5 de Procedimiento Civil, ello a solicitud de los codemandados Hermán Ferré Morris, Dianne Ferré Morris y James Michael Ferré Crossley. En esa misma fecha, se ordenó la paralización de los procedimientos en este caso conforme al mandato de la Regla aludida. La fianza fue prestada el 13 de noviembre de 2018; el 3 de diciembre de 2018 se autorizó la misma y también se ordenó la continuación de los procedimientos. El mismo 13 de noviembre de 2018, la parte demandante solicitó autorización para emplazar por edicto al codemandado John William Ferré Crossley. El edicto se expidió el 7 de diciembre de 2018 y se publicó el 26 de diciembre de 2018 en el periódico Primera Hora.
>
> Como podrá notarse, al momento en que se solicitó autorización para emplazar al codemandado John William Ferré Crossley aún no había transcurrido el término reglamentario para emplazar al mismo, **pues los procedimientos fueron paralizados al imponer la fianza de no residente.** Tampoco había transcurrido el término para emplazar al codemandado John William Ferré Crossley cuando se publicó el edicto. **Resolver de otro modo conllevaría eliminar el término de sesenta (60) días dispuesto en la Regla 69.5 de Procedimiento Civil para que una parte pueda prestar la fianza aludida, lo cual, evidentemente, no procede.** Apéndice del *certioari*, págs. 59-60. (Énfasis suplido).

Tras el foro primario denegar la moción de reconsideración que presentaron los demandados-recurridos, estos recurrieron al Tribunal de Apelaciones mediante recursos de *certiorari* separados. Allí arguyeron que, según Bernier Rodríguez v. Rodríguez Becerra, supra, el término

para diligenciar un emplazamiento es improrrogable. Además, sostuvieron que en este caso el término para diligenciar el emplazamiento no sufrió interrupción alguna a causa de la paralización decretada por el foro primario.

El foro intermedio emitió una *Sentencia* mediante la cual revocó la *Resolución* del foro primario. El panel de magistrados del Tribunal de Apelaciones entendió que, si bien el foro primario realizó un ejercicio hermenéutico lógico de la Regla 69.5 de Procedimiento Civil, <u>infra</u>, —a los efectos de que, al paralizarse el pleito también se paralizaban todos sus términos—, ello estaba en conflicto con lo resuelto en <u>Bernier Rodríguez v. Rodríguez Becerra</u>, supra. En ese precedente este Tribunal se expresó sobre la improrrogabilidad del término para diligenciar un emplazamiento. Habida cuenta de ello el foro intermedio señaló que ese término no admitía paralización. De esta forma, ordenó la desestimación de la demanda debido a que no se emplazó oportunamente al señor John William Ferré Crossley.

Insatisfecha con ese proceder, la señora Martajeva recurrió ante nos y señaló que el Tribunal de Apelaciones erró al resolver que la suspensión de los procedimientos en virtud de la Regla 69.5 de Procedimiento Civil, <u>infra</u>, no tuvo el efecto de interrumpir el término de 120 días que tenía para emplazar, a tenor con lo dispuesto en la Regla 4.3 (c) de Procedimiento Civil, <u>infra</u>.

Expedimos el recurso y, posteriormente, las partes presentaron sus alegatos. En sus respectivas comparecencias las partes reiteran los argumentos vertidos tanto en el foro primario como en el foro intermedio.

Trabada así la controversia, resolvemos.

## II

### A. El emplazamiento

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona de la parte demandada, de forma tal que esta quede obligada por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021); Rivera Marrero v. Santiago Martínez, 203 DPR 462, 480 (2019); Bernier González v. Rodríguez Becerra, 200 DPR 637, 644 (2018). Este mecanismo es parte esencial del debido proceso de ley, por lo que su cumplimiento no es una mera formalidad. Su propósito primordial es notificar a la parte demandada que existe una reclamación judicial en su contra para que, si así lo desea, ejerza su derecho a comparecer al procedimiento, ser oído y presentar prueba a su favor. Bernier González v. Rodríguez Becerra, supra, pág. 644; Banco Popular v. S.L.G. Negrón, 164 DPR 855, 863 (2005); Banco Central Corp. v. Capitol Plaza, Inc., 135 DPR 760, 763 (1994).

En cuanto al término para diligenciar el emplazamiento, la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R.4.3(c), establece que:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. Íd. (Énfasis suplido).

Al interpretar dicha disposición, en Bernier González v. Rodríguez Becerra, supra, en el contexto de una solicitud de prórroga que presentó la parte demandante, expresamos que el plazo de 120 días para emplazar es **improrrogable**. Íd., pág. 649. Por tanto, si dentro de dicho término el demandante no ha podido diligenciar el emplazamiento, **se desestimará su causa de acción automáticamente, sin que este pueda solicitar una prórroga a tales efectos.** Íd. Es decir, la Regla 4.3(c) de Procedimiento Civil, *supra*, no provee discreción al tribunal para extender el término para diligenciar el emplazamiento si este no se ha diligenciado dentro del término provisto. Íd.

Por otro lado, en ese precedente enunciamos que el término de 120 días comenzará a transcurrir una vez la Secretaría del tribunal expida el emplazamiento. Bernier González v. Rodríguez Becerra, supra, pág. 650 ("[U]na vez

la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días").[14]

**B. La fianza del demandante no residente**

La fianza "es una garantía que bien a manera de obligación, depósito en dinero o derecho real[,] se establece para asegurar el cumplimiento de una obligación que dimana del proceso". R. Hernández Colón, _Práctica Jurídica de Puerto Rico:  Derecho Procesal Civil_, 6ta Ed., Puerto Rico, LexisNexis, 2017, pág. 196. Una fianza es judicial "cuando la impone el juez en cumplimiento de preceptos legales" para el afianzamiento de una obligación en particular. J.A. Cuevas Segarra, _Las medidas cautelares y la ejecución de la sentencia_, 1ra ed., Bosch Editor, 2020, pág. 199.

Entre las fianzas requeridas en nuestro ordenamiento, la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R.69.5, preceptúa la fianza de una persona demandante quien no es residente de Puerto Rico. Esta tiene como propósito ofrecer cierta protección a quienes son demandados por personas que no residen en Puerto Rico. _VS PR, LLC v. Drift-Wind, Inc._, 207 DPR 253, 261 (2021). La norma se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que

---

[14] En un pronunciamiento posterior, _Pérez Quiles v. Santiago Cintrón_, 206 DPR 379 (2021), reafirmamos esa norma y dejamos meridianamente claro que el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir una vez el tribunal expida el emplazamiento. _Íd._, pág. 381.

conllevó su defensa. Íd. Por ende, la regla procesal se promulgó para garantizar el pago de las costas, gastos y honorarios de abogado en pleitos instados por personas naturales o jurídicas no residentes. Yero Vicente v. Nimay Auto Corp., 205 DPR 126, 130 (2020). Esta tiene, además, el propósito de desalentar litigios frívolos e inmeritorios. Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 20 (1993).

A esos efectos, y en lo pertinente, la Regla exige que:

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. **Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil dólares ($1,000).** El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

. . . . . . . . . . .

Íd. (Énfasis suplido).

Conforme a su texto hemos hecho alusión a que "[d]e una lectura de la Regla surge que la exigencia de la fianza a un reclamante no residente es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste". VS PR, LLC v. Drift-Wind, Inc., supra, págs. 262-263. El foro primario únicamente tiene discreción para establecer la cuantía de la fianza, siempre que no sea

inferior a mil ($1,000) dólares y, en el caso en que el reclamante no la preste, decretar que la inevitable desestimación de la demanda sea o no con perjuicio. VS PR, LLC v. Drift-Wind, Inc., supra, págs. 263, 272.

Dada la particularidad de la controversia ante nos, es imperativo abundar sobre el trasfondo de esta norma. Esta encuentra su origen en el Artículo 342 del Código de Enjuiciamiento Civil de Puerto Rico de 1904,[15] y posteriormente se mantuvo en el Código de Enjuiciamiento Civil de 1933, el cual rezaba:

> **Art.342** – Cuando el demandante en un pleito residiere fuera de la Isla o fuese una corporación extranjera, puede requerírsele para que preste una fianza por las costas y gastos en que pudiere ser condenado. Cuando así se le requiere, habrá de suspenderse todo procedimiento en el pleito hasta que se hubiere presentado al secretario de la corte una fianza con dos o más fiadores bajo condición de que pagarán las costas y gastos a que pueda ser condenado el demandante en la sentencia, o en el curso del pleito que no excedan de la suma de trescientos [dólares]. Art. 342, Código de Enjuiciamiento Civil de 1933.

Más adelante, en el Borrador del Proyecto de Reglas de Enjuiciamiento Civil de 1954 se mantuvo un lenguaje similar.[16] Luego, en las Reglas de Procedimiento Civil

---

[15] Esta disposición se introdujo en nuestro ordenamiento tomando como base el Código de Enjuiciamiento Civil de California. Véase: Enmiendas Propuestas a las Reglas de Procedimiento Civil (1986), https://poderjudicial.pr/Documentos/SecretariadoConf/Enmiendas_Propues tas_a_las_Reglas_de_Procedimiento_Civil_(1986).pdf. Actualmente, la norma californiana que inspiró la regla actual de nuestro ordenamiento se encuentra codificada en el CAL. CIV. PROC. CODE § 1030 (West).

[16] En particular, la Regla 70.5 del Borrador de Proyecto de Reglas de Enjuiciamiento Civil de 1954 establecía:

> Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de

de 1979 se conservó la disposición de manera idéntica a la vigente. Si bien en los Informes de 1986, 1991, 1993, 1994 y 1996 —que rindieron las respectivas comisiones nombradas por este Tribunal para la revisión de las Reglas de Procedimiento Civil— se recomendó consistentemente enmendar el texto de la regla a los efectos de que el tribunal tuviera discreción para exigir la fianza en cuestión, como vimos, ello no se acogió. Asimismo, los referidos Informes señalaron que el texto de la norma se ha interpretado de forma muy restrictiva en cuanto al requisito obligatorio de prestación de fianza por el reclamante y la suspensión de todo procedimiento en el pleito mientras no cumpla con este.[17]

Hace un siglo exactamente, en _Capital Merchandise Company v. Gerardino & Cía. y otros_, 30 DPR 233 (1922), esta Curia tuvo la oportunidad de interpretar, por primera vez, el efecto de la suspensión de los procedimientos —por razón de la exigencia de la fianza de no residente— sobre el término para acudir en apelación. En apretada síntesis, el 15 de julio de 1921 el foro primario dictó Sentencia a favor

---

abogado en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de trescientos dólares [...]. _Borrador de Proyecto de Reglas de Enjuiciamiento Civil de 1954_, https://poderjudicial.pr/Documentos/SecretariadoConf/Borrador-Proyecto-Reglas-Enjuiciamiento-Civil-1954/pagina-191-200.pdf

[17] Véanse: Informes sobre las Reglas de Procedimiento Civil para los años 1986, 1991, 1993, 1994 y 1996, https://poderjudicial.pr/index.php/tribunal-supremo/secretariado-de-la-conferencia-judicial-y-notarial/.

del demandante y se archivó en autos el día siguiente. El 26 de julio de 1921 el foro primario decretó la suspensión de los efectos de la Sentencia —de conformidad con el artículo 342 del Código de Enjuiciamiento Civil— en lo que el demandante prestaba la fianza de no residente. El 15 de agosto de 1921 el demandante prestó la fianza y el 27 de agosto de 1921 los demandados notificaron a este su apelación contra la Sentencia. La parte apelada argumentó que el recurso debía desestimarse porque se interpuso después de los 30 días que la ley concedía para ello. Por su parte, la parte apelante esgrimió que, si se descontaban los días que estuvo paralizado el procedimiento, debía considerarse que su apelación se presentó oportunamente. Ante ello, esta Curia definió que la controversia ante sí era resolver "si desde el 26 de julio al 15 de agosto [de 1921] **quedó en suspenso** el término para apelar la sentencia". Íd. (Énfasis suplido). **En aquel entonces contestamos esa interrogante en la afirmativa.**

Al resolver lo anterior, este Tribunal razonó que:

[Debido a que] cuando [fue] exigida a la demandante la fianza a que se refiere dicho precepto legal [—el artículo 342—] ya estaba dictada la sentencia y notificada a la parte a quien perjudica, **la paralización del procedimiento tuvo el alcance, como la corte decretó, de suspender los efectos de la sentencia, siendo el inmediato que hasta que no fuera prestada estaba en suspenso el término para apelarla, pues de no ser así los demandados se hubieran visto obligados a interponer su apelación sin la garantía que para casos como el presente les concede la ley de estar garantizados en cuanto a las costas y gastos en que pueda ser condenada su demandante y quedarían huérfanos de**

**la protección de la ley en el caso de que la sentencia fuera revocada y condenada en costas la demandante si la fianza no llegaba a prestarse. Si tal paralización no produjera la suspensión del término para apelar, que es paso correspondiente a la parte que se cree perjudicada por la sentencia, entonces no existiría compulsión alguna que obligara a la demandante a prestar fianza. La paralización de los procedimientos surte efecto desde que se decreta y desde entonces no puede darse paso alguno en los procedimientos.**

. . . . . . . . . . . . . .

Es cierto como alega la apelada que el término concedido por la ley para apelar es jurisdiccional y mandatorio y que no puede ser extendido por las cortes sin autorización expresa de la ley, pero entendemos que la facultad concedida a las cortes por el artículo 342 citado para exigir fianza al demandante quedando en suspenso los procedimientos mientras la presta, **lleva consigo como consecuencia la de quedar en suspenso el término para apelar pues de otro modo no quedarían paralizados todos los procedimientos.** Íd. (Énfasis suplido)

**C. Hermenéutica jurídica**

En nuestro ordenamiento jurídico se han instaurado una serie de normas de hermenéutica legal, las cuales —en mayor o menor grado— se imponen como principios rectores del ejercicio de nuestra función adjudicativa. Rosado Molina v. ELA, 195 DPR 581, 589 (2016); San Gerónimo Caribe Project v. Registradora, 189 DPR 849, 868 (2013); Const. José Carro v. Mun. Dorado, 186 DPR 113, 126 (2012). Como es conocido, es un principio cardinal de hermenéutica que cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. Véanse: San Gerónimo Caribe Project v. Registradora, supra, pág. 866; Const. José Carro v. Mun. Dorado, supra,

pág. 126; IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 739 (2012); Sánchez Díaz et al. v. E.L.A., 181 DPR 810, 821 (2011).

"Amparándonos en este axioma de interpretación judicial, hemos establecido que 'el primer paso al interpretar un estatuto es remitirnos al propio texto de la ley, puesto que cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa'". Rosado Molina v. ELA, supra, pág. 589 (citando a Cordero v. ARPe, 187 DPR 445, 456 (2012)).

Cónsono con lo anterior, y pertinente para la controversia ante nos, es menester esbozar que, al interpretar una ley, **ello debe hacerse en su conjunto —íntegramente— y no por secciones separadas**. Const. José Carro v. Mun. Dorado, supra, pág. 126. En tal sentido, "[t]oda ley debe ser examinada y comparadas sus partes, de suerte que sean hechas consistentes y tengan efecto". Rolón Martínez v. Caldero López, 201 DPR 26, 40-41 (2018). Con este fin, "deben interpretarse las diferentes secciones, las unas en relación con las otras, completando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito [del Poder Legislativo]". Íd. Véase también: Pueblo v. Santana Vélez, 168 DPR 30, 43 (2006); R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1987, pág. 315.

Con este marco jurídico en mente, disponemos de la controversia ante nos.

### III

En virtud de su único señalamiento de error, la señora Martajeva argumenta que incidió el foro intermedio al concluir que la suspensión que decretó el foro primario —con el fin de que se prestara la fianza de no residente requerida— no tuvo efecto alguno en el término para diligenciar el emplazamiento. Le asiste la razón.

De entrada es meritorio aclarar que, si bien el foro intermedio se apoyó en lo resuelto en Bernier González v. Rodríguez Becerra, supra, para sustentar su conclusión y los recurridos para sostener su postura, este precedente no controla ni incide en la disposición de la controversia ante nos. Obsérvese que allí nos expresamos únicamente en cuanto a si el término de 120 días para diligenciar el emplazamiento, según recogido en la Regla 4.3 (c) de Procedimiento Civil, supra, es improrrogable. Resolvimos que lo es.

Ahora bien, la controversia puntual ante nos requiere contestar si, según el mandato de la Regla 69.5 de Procedimiento Civil, supra, —a los efectos de que "todo procedimiento en el pleito **se suspenderá hasta que se preste la fianza"—**, el decurso del término para diligenciar el emplazamiento que preceptúa la Regla 4.3 (c) de Procedimiento Civil, supra, se suspende también. Respondemos que sí.

Para brindar esa respuesta tomamos como base diferentes elementos. Primero, el texto de la Regla 69.5 de Procedimiento Civil, supra, es claro y libre de ambigüedad y comunica cabalmente la intención de la Asamblea Legislativa en cuanto a su efecto suspensivo de todos los procedimientos judiciales, incluidos los términos inherentes al proceso judicial. Segundo, si bien las diferentes normas que rigen los procesos judiciales civiles han sufrido enmiendas a través de los años, **la norma en cuestión se ha mantenido esencialmente intacta.** Ello denota que, a pesar de las consistentes sugerencias para variarla y del pronunciamiento de este Tribunal en 1922, la referida voluntad legislativa mantiene su fuerza y vigor. Tercero, nuestro precedente en Capital Merchandise Company v. Gerardino & Cía. y otros, supra, nos sirve de guía para la disposición de la controversia que presenta este recurso y procede, pues, aplicarlo de manera analógica.

**Así, pautamos que la suspensión decretada al amparo de la Regla 69.5 de Procedimiento Civil, supra, incluye la suspensión del término de 120 días para diligenciar el emplazamiento dispuesto en la Regla 4.3 (c) de Procedimiento Civil, supra.** Concluimos que, cuando el tribunal decreta la suspensión de los procedimientos por razón de que le exige a un demandante no residente prestar la fianza requerida por la Regla 69.5 de Procedimiento Civil, supra, el término de la Regla 4.3 (c) de Procedimiento Civil, supra, —si aún no ha transcurrido—, **queda en pausa hasta que se reanuden los**

**procesos, una vez se preste la fianza.** Adviértase que, en esta tesitura específica, no cabe hablar de que el término de 120 días sufre una prórroga. Una prórroga supone un "[p]lazo por el cual se continúa o prorroga algo".[18] Para que el término se "prorrogue", ineludiblemente tiene que llegar a su vencimiento, para que a partir de ello se le añada un tiempo definido o un plazo para su continuación.[19] Eso no es lo que ocurre cuando el término de 120 días para diligenciar el emplazamiento se suspende. El efecto es que este se **detiene** con los días que hayan transcurrido y, una vez se deje sin efecto la suspensión de los procedimientos, el término continúa su decurso desde donde se quedó cuando ocurrió la suspensión.[20]

---

[18] Diccionario panhispánico del español jurídico, "prórroga", https://dpej.rae.es/lema/pr%C3%B3rroga (última visita el 13 de junio de 2022).

[19] Esta aseveración es cónsona con la Regla 6.6 de Procedimiento Civil, la cual dispone que "el término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita". 32 LPRA Ap. V, R.6.6.

[20] Los artículos 1199 y 1200 del Código Civil de 2020, 31 LPRA secs. 9491-9492, aunque no son aplicables a la controversia de este recurso, constituyen una fuente persuasiva e ilustrativa en la delineación de este razonamiento. Este articulado, que no formaba parte del Código Civil de 1930, establece:

> **Artículo 1199. — Suspensión de los plazos.** El cómputo de los plazos también podrá suspenderse por mandato expreso de una ley especial o si así lo decreta la autoridad competente, por razón de catástrofe natural u otro motivo extraordinario. Terminada la suspensión, el cómputo del término **se reanuda**, tomando en cuenta el transcurrido hasta el inicio de la suspensión, salvo cuando el mandato de suspensión dispone otra cosa.

> **Artículo 1200. — Efectos de la suspensión.** La suspensión de la prescripción detiene el cómputo del tiempo por el lapso que dura, pero aprovecha el período transcurrido hasta que ella comenzó. Una vez cesan los efectos de la suspensión del término prescriptivo, se reanuda el cómputo del término prescriptivo que falta por transcurrir. (Énfasis suplido)

Nótese que no se puede argüir que, en esta circunstancia, el término se "interrumpe". Los supuestos de interrupción que reconoce nuestro ordenamiento están relacionados con términos prescriptivos. Díaz Santiago v. Int'l Textiles, 195 DPR 862, 868 (2016). El término de la Regla 4.3 (c) de Procedimiento Civil, supra, no es de tal naturaleza. En cuanto a esto, corresponde abundar sobre dos aspectos. Primero, como se ha visto, la facultad de interrumpir los términos prescriptivos está expresamente reconocida estatutariamente. Véanse: Artículo 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303; Artículo 1197 del Código Civil de 2020, 31 LPRA sec. 9489. Segundo, al interrumpirse un término prescriptivo, "inicia un nuevo término […] que comenzará a computarse inmediatamente". Díaz Santiago v. Int'l Textiles, supra, pág. 869. Ciertamente, eso no es lo que ocurre con el término de la Regla 4.3 (c) de Procedimiento Civil, supra, una vez es suspendido.

A la luz de lo expuesto, la cuestión que dilucidamos en el presente recurso es distinguible de lo resuelto en Bernier González v. Rodríguez Becerra, supra. Allí atendimos una situación particular donde se le solicitó al foro primario que **prorrogara** el término para diligenciar el emplazamiento una vez venciera. En cambio, en la controversia ante nos estamos ante un supuesto en el que, con arreglo a la voluntad legislativa expresada en el lenguaje de la Regla 69.5 de Procedimiento Civil, supra, se **detiene** todo procedimiento

ante el tribunal hasta que se preste la fianza de no residente y ello afecta el término para diligenciar el emplazamiento por no estar vencido al momento de la suspensión. Ciertamente, esa suspensión incidirá sobre los términos judiciales que estén transcurriendo, siempre y cuando estos estén vigentes al momento del decreto de suspensión.[21]

En lo atinente a la situación fáctica de este recurso, desde que el foro primario expidió los emplazamientos hasta que se decretó la suspensión de los procedimientos, no habían transcurrido los 120 días del término para diligenciar los emplazamientos. Así las cosas, la suspensión del pleito se mantuvo hasta el 3 de diciembre de 2018, cuando el foro primario aceptó la fianza que presentó la señora Martajeva y ordenó la continuación de los procedimientos. Por consiguiente, durante ese tiempo el término para diligenciar el emplazamiento **no continuó su decurso**. Es decir, se mantuvo pausado. Cuando el foro primario dejó sin efecto la suspensión, el 3 de diciembre de 2018, el término para diligenciar el emplazamiento al señor John William Ferré Crossley reanudó su decurso, dado que el término aún estaba vigente.[22] En consecuencia, **no procede la desestimación de**

---

[21] Al realizar este ejercicio hermenéutico, se mantiene incólume lo que pautamos en <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637 (2018). En ese sentido, al dejarse sin efecto la suspensión del pleito, el término para diligenciar el emplazamiento continúa su decurso y, si al día 120 no se ha emplazado a la parte, claramente no podrá haber una prórroga para ello.

[22] Incluso, se puede argüir que, como la señora Martajeva solicitó oportunamente emplazar por edicto y el foro primario lo autorizó el 3 de diciembre de 2018, de conformidad con lo que resolvimos en <u>Sánchez Ruiz v. Higuera Pérez</u>, 203 DPR 982 (2020), a partir de esa fecha comenzó

**la demanda por el fundamento de que transcurrió el término**

**para diligenciar el emplazamiento del señor Ferré Crossley.**

**IV.**

Por los fundamentos expuestos, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso al foro primario para que proceda de forma consistente con lo aquí resuelto.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

a transcurrir un nuevo término de 120 días para diligenciar el emplazamiento por edicto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diana Martajeva

     Peticionaria

       v.                     CC-2019-0607

Hermán Ferré Morris; Diana Ferré Morris; Jo-Ann Ferré Crossley; John William Ferré Crossley; y James Michael Ferré Crossley

     Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 12 de octubre de 2022.

Por los fundamentos expuestos en la Opinión que antecede, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso al foro primario para que proceda de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo