ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| LMD & ASSC, LLC ("LMDSC")<br><br>Recurridos<br><br>v.<br><br>GENSERV, INC. y OTROS<br><br>Peticionarios | KLCE202300973 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Rio Grande**<br><br>Civil Núm.: **FA2020CV00501**<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente), Sentencia Declaratoria, Incumplimiento de Contrato, Daños, Enriquecimiento Injusto |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece ante nos el señor Dennis Reed (peticionario) y solicita la revisión de la *Resolución* emitida el 19 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Río Grande. Mediante la misma, el TPI declaró *No Ha Lugar* la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil presentada por el peticionario.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el 29 de mayo de 2019, la compañía de responsabilidad limitada LMD & ASSC, LLC., organizada al amparo de las leyes del estado de Carolina del Sur y

Número Identificador
RES2023 _____

LMD & ASSC, LLC., organizada al amparo de las leyes de Puerto Rico (en conjunto, LMD o parte recurrida), adquirieron una variedad de equipo mecánico/industrial usado y en agosto del mismo año, suscribieron un acuerdo con Genserv, Inc. Por medio del contrato, el mencionado equipo se trasladó a Puerto Rico, donde se le realizarían labores de reparación y/o mantenimiento para garantizar su utilidad. Genserv representó tener disponible una facilidad donde podría almacenar el equipo, así como mecánicos cualificados para realizar las reparaciones requeridas.

Además, las partes pactaron un contrato de depósito para el almacenamiento del aludido equipo, el cual se limitó a almacenarlo y custodiarlo mientras se realizaban los trabajos de reparación específicamente acordados. Entre otras cosas, las partes acordaron que los mecánicos de Genserv mantendrían una bitácora de las labores de reparación y/o mantenimiento.

Transcurrido algún tiempo, el 18 de agosto de 2020, LMD presentó una demanda de entredicho provisional, interdicto preliminar, interdicto permanente y sentencia declaratoria contra Genserv. En su comparecencia, alegó que Genserv se negó a proveer evidencia relacionada a las piezas utilizadas en los trabajos de mecánica y no proveyó la bitácora, notas o documentación necesaria como evidencia de los trabajos. Además, adujo que, como parte de un esquema fraudulento e ilegal, Genserv le limitó el acceso a sus facilidades al extremo de negarle la oportunidad de verificar que el equipo se mantuviese en el lugar pactado para verificar su condición y que las reparaciones requeridas y pagadas en efecto se hubieran realizado.

Así, en la demanda LMD requirió al TPI que dictara un entredicho provisional y uno preliminar a su favor, en el cual se ordenara la reivindicación del equipo concernido, debido a que Genserv no tenía el derecho a utilizar, ni mucho menos disponer del

mismo, al cual tuvo acceso y control por virtud de un contrato de depósito. A su vez, solicitó que se ordenara a Genserv cesar y desistir de gravar, ceder, arrendar, donar o disponer de equipo al cual solo podía realizar trabajos de reparación y/o mantenimiento sujeto a los términos expresamente pactados. Por último, solicitó al Tribunal que dictara sentencia declaratoria, al amparo del Artículo 280 del Código Civil de Puerto Rico. Mediante *Sentencia Parcial* del 10 de septiembre de 2020, el foro primario decretó el desistimiento parcial de la demanda, acogiendo los acuerdos vertidos por las partes sobre las causas de acción de entredicho provisional, interdicto preliminar y permanente. Quedó pendiente la tercera causa de acción relacionada a la sentencia declaratoria.

La demanda se enmendó en dos (2) ocasiones, por Incumplimiento Contractual, Daños y Sentencia Declaratoria y se incluyó como demandados a empleados y representante de Genserv, su presidente Dennis Reed, Debbie Reed, David Byrd, Ashanti Douglas y Roxanna Acevedo. En la *Segunda Demanda Enmendada* incoada el 9 de abril de 2021, se alegó que los demandados se negaron a responder adecuadamente los reclamos en cuanto al equipo. Además, que éstos conspiraron y actuaron en común acuerdo para ilegalmente vender el equipo de LMD y enriquecerse injustificadamente por dicha venta. Se detalló que Richard, David, Dennis y Debbie contactaron a terceros para vender el equipo y se dividieron las ganancias. Asimismo, se adujo que éstos le cobraron a LMD con conocimiento de que no se realizarían trabajos de reparación en el equipo, permitiendo que se deteriorara como producto de no darle mantenimiento, vandalizaron el mismo y le removieron piezas para venderlas. Asimismo, se arguyó que Ashanti

y Roxanna participaron igualmente de las actuaciones mencionadas.[1]

Tras contestar la demanda, el 6 de julio de 2021, el codemandado Dennis Reed instó una *Moción de Desestimación al Amparo de la Regla 10.2 de las de Procedimiento Civil de Puerto Rico*, bajo el fundamento de que la demanda no aducía una causa de acción en su contra que ameritara la concesión de un remedio.[2] Arguyó que de la demanda de referencia pretendía descorrer el velo corporativo que le cobija a los accionistas de una corporación con alegaciones vagas e imprecisas. A su vez, adujo que lo anterior demostraba que LMD carecía de prueba y basó su pleito en conjeturas que no cumplían con la doctrina para descorrer el velo corporativo. Razonó que las alegaciones no cumplían con los requisitos de la Regla 7.2 de Procedimiento Civil. Así, esbozó que la continuación del pleito en su carácter personal no se sostenía.

Por su parte, LMD se opuso a la solicitud de desestimación oportunamente. Esencialmente, discutió que la demanda no expuso hechos concretos y específicos relacionados a la participación del señor Dennis Reed en un esquema fraudulento de vender, vandalizar y arrendar el equipo de LMD para apropiarse de las ganancias. Añadió que el señor Dennis Reed intentaba evadir su responsabilidad al expresar que los actos se cometieron en representación de una entidad. En suma, argumentó que la moción de desestimación contenía fundamentos inaplicables relacionados a la prueba necesaria para sustentar una causa de acción de fraude en la etapa de los procedimientos en los que se encontraba el caso.[3]

---

[1] Anejo 8, apéndice del recurso, págs. 78-109. A tenor con lo anterior, LMD solicitó una suma no menor de $519,023.80 por concepto de daños por incumplimiento de contrato de depósito; una suma no menor de $7,600.00 por concepto de daños producto del incumplimiento del acuerdo de transacción y $295,023.80 por concepto de enriquecimiento injusto, entre otras sumas.
[2] Anejo 3, apéndice del recurso, págs. 6-13.
[3] Anejo 12, apéndice del recurso, págs. 163-173.

El 19 de julio de 2023, el Tribunal de Primera Instancia emitió la *Resolución* que hoy revisamos. Según adelantado, el TPI declaró *No Ha Lugar* la moción de desestimación incoada por el señor Dennis Reed. El Tribunal concluyó que LMD presentó alegaciones específicas contra el señor Dennis Reed que demostraban su participación en un alegado esquema de fraude. Así, determinó que la *Segunda Demanda Enmendada*, tal y como está redactada, no era susceptible de una sentencia desestimatoria al amparo de la Regla 10.2 de Procedimiento Civil.[4]

En desacuerdo, el señor Dennis Reed solicitó reconsideración, pero la misma fue denegada por el TPI mediante *Orden* dictada el 4 de agosto de 2023. Aun inconforme, el señor Dennis Reed acude ante nos y alega que el foro *a quo* cometió el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR *NO HA LUGAR* LA SOLICITUD [DE] DESESTIMACIÓN BAJO LA REGLA 10.2 Y DETERMINAR QUE LAS ALEGACIONES GENÉRICAS Y CONCLUSORIAS ESBOZADAS EN LA SEGUNDA DEMANDA ENMENDADA CONTRA EL SR. REED SON SUFICIENTEMENTE ESPECIFÍCAS PARA SUSTENTAR CONFORME A DERECHO PARA ESTABLECER UNA CAUSA DE ACCIÓN PERSONAL EN SU CONTRA Y DESCORRER EL VELO CORPORATIVO.

El 7 de septiembre de 2023, emitimos *Resolución*, a los fines de conceder 20 días a LMD para fijar su posición sobre el recurso. El 22 de septiembre de 2023, LMD presentó su *Oposición a Petición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, ya sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR

---

[4] Anejo 2, apéndice del recurso, págs. 1-5.

*65*, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[5]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[5] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre sus fundamentos, figura: *dejar de exponer una reclamación que justifique la concesión de un remedio.*

Al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA,*

189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013)*; Pressure Vessels P.R. v. Empire Gas P.R.*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[6] *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

Por otro lado, a la luz de lo resuelto por el Tribunal Supremo de los Estados Unidos en los casos *Bell Atlantic Corp. v. Twombly,* 550 US 544 (2007) y *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), el

---

[6] En cuanto a las alegaciones, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, dispone, en lo pertinente, que las alegaciones de una demanda deben contener una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio y una solicitud del remedio a que crea tener derecho. *Banco Central Corp. v. Capitol Plaza Inc.*, 135 DPR 760, 763-764 (1994).

estándar aplicable para determinar la suficiencia de las alegaciones de la demanda ante una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra,* no es que sea posible "bajo cualquier estado de hechos" que el demandante pueda prevalecer, sino que el demandante haya formulado alegaciones que superen la línea entre lo imaginable y lo factible. Es decir, para evitar la desestimación, el demandante debe proveer las bases fácticas sobre las cuales descansa su reclamación que sean suficientes para elevar su derecho a la concesión de un remedio más allá de un nivel especulativo. *Bell Atlantic Corp. v. Twombly, supra,* a la pág. 555.

A tenor con lo anterior, en *Ashcroft v. Iqbal, supra,* el Tribunal Supremo de los Estados Unidos aclaró que, para determinar si las alegaciones de una demanda son factibles, los tribunales deben hacer un análisis contextual de las mismas mediante un proceso de dos (2) pasos. El primer paso comprende el aceptar como ciertas las alegaciones de la demanda, excepto aquellas alegaciones concluyentes, conclusiones de derecho y los hechos alegados de forma generalizada que reciten de forma trillada los elementos de la causa de acción. El segundo paso comprende el determinar si, a base de las alegaciones bien formuladas en la demanda, el demandante ha establecido que tiene una reclamación factible que amerite la concesión de un remedio. En esta segunda etapa del análisis, el tribunal debe tomar en cuenta el contexto específico de las alegaciones, y determinar, si de la totalidad de las circunstancias surge que el demandante ha establecido una reclamación válida, o si, por el contrario, la causa de acción debe ser desestimada. Para superar una moción de desestimación por insuficiencia en las alegaciones, el demandante debe alegar suficientes hechos que demuestren que es factible que tenga derecho a un remedio. Los hechos deben contener información específica, toda vez que la

especulación no es suficiente para sostener una causa de acción. *Ashcroft v. Iqbal,* supra*,* a las págs. 1949-1950.

### III.

En la causa de epígrafe, el peticionario aduce que el tribunal *a quo* erró al denegar su solicitud de desestimación, a pesar de que se desprende de la *Segunda Demanda Enmendada* presentada por LMD, que las alegaciones en su contra son genéricas, escuetas y vagas. Añade que estas no son suficientemente específicas para sustentar, conforme a derecho, una causa de acción personal en su contra y descorrer el velo corporativo. Puntualiza que el Tribunal de Primera Instancia no incluyó en su dictamen el estándar requerido por la jurisprudencia federal en situaciones como la de autos. Esgrime que las alegaciones presentadas en su contra no superan el estándar de plausibilidad discutido en *Bell Atlantic Corp. v. Twonbly,* supra, ni *Ashcroft v. Iqbal,* supra.

Por su parte, la parte recurrida alega que el recurso de referencia debe ser denegado. Ello, bajo el fundamento de que el TPI actuó dentro del marco de su discreción judicial y aplicó correctamente el derecho a la controversia. Aduce que la *Segunda Demanda Enmendada* no presenta meras concusiones en derecho. Sostiene que esta expone hechos específicos relacionados a la participación del peticionario en un esquema de fraude, lo cual lo expone a ser responsable en su carácter personal. En ese sentido, arguye que la demanda concernida establece de manera detallada el equipo de LMD que fue vendido. Además, alega que la demanda incluye fotografias que demuestran las condiciones del esquipo que fue abandonado y vandalizado por el peticionario y los demás demandados. En la alternativa, argumenta que, aun asumiendo que el peticionario tuviera razón en su planteamiento de especificidad de las alegaciones, la demanda no se debía desestimar, a menos que esta no sea susceptible de ser enmendada.

Tras un análisis sereno del expediente y las argumentaciones de las partes, entendemos que la decisión recurrida es correcta en derecho. Veamos.

De nuestra lectura de la *Segunda Demanda Enmendada* se desprende que la parte recurrida incluyó alegaciones que permiten entrever la responsabilidad del peticionario frente a ésta. Al evaluar la totalidad de las alegaciones, surgen hechos específicos relacionados a los daños en el equipo de LMD, así como la participación del peticionario en un alegado esquema de fraude. Particularmente, se alega que el peticionario fue uno de los principales arquitectos del aludido esquema, el cual se basó en ilegalmente vender, vandalizar y arrendar dicho equipo para enriquecerse injustificadamente. Ante ello, entendemos que las alegaciones concernidas mantienen viva una causa de acción contra el peticionario.

En síntesis, según el derecho discutido y a base de los hechos del caso bajo examen, es claro que no procedía la desestimación de la *Segunda Demanda Enmendada.* Esta cumplió con el estándar de factibilidad discutido en *Ashcroft v. Iqbal,* supra, y *Bell Atlantic Corp. v. Twombly,* supra, capaz de superar una moción de desestimación por insuficiencia de las alegaciones.

Como es sabido, este Tribunal no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitaría un perjuicio sustancial. Nada de lo anterior fue demostrado por el peticionario en su escrito. Por ende, no procede la expedición del auto de *certiorari* solicitado.

## IV.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones