**MARYLAND CASUALTY CO. v. KELLY.**
No. 2869.

District Court, E. D. Pennsylvania.
March 17, 1943.

Richard A. Smith, of Philadelphia, Pa., for plaintiff.

Henry Thomas Dolan, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant has filed a motion for a more definite complaint.

This is an action for damages for breach of a written contract between plaintiff and defendant in which defendant agreed to indemnify plaintiff against any loss it might sustain in executing a bond to the General State Authority, Commonwealth of Pennsylvania, on behalf of one Mark, a contractor. A photostatic copy of this contract, which formed part of Mark's application to the plaintiff for the bond, is attached to the complaint as an exhibit. The complaint further alleges that plaintiff executed the bond, but that Mark failed to perform his contract with the General State Authority, as a result of which plaintiff was obliged to, and did, pay out the sum of $5,560.67 for which it instituted the present action against the defendant.

Defendant has filed a motion for a more definite complaint to compel plaintiff to attach a copy of the contract between Mark and the General State Authority and to compel him to set forth when and in what respects Mark is alleged to have failed in the performance thereof.

There is nothing in the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires a plaintiff to include in his complaint a copy of a contract on which his suit is based. Indeed, official forms Nos. 3, 12 and 13, all of which are forms of complaints based on written agreements, specifically allow the pleader the choice of quoting the agreement verbatim, including it by exhibit, or pleading it according to its legal effect. Therefore, even if the contract between Mark and the General State Authority be regarded for purposes of this action as the contract in suit, there is no requirement in the Federal Rules of Civil Procedure that a copy thereof be incorporated in or attached to the complaint.

Defendant claims, however, that he is entitled to know in what respects it is alleged that Mark failed to perform his contract, as a result of which plaintiff makes claim against defendant as indemnitor. In an "Answer" to the defendant's motion for a more definite complaint, plaintiff has set forth the contents of a letter which it alleges it wrote to the defendant stating the amounts it was obliged to pay on its bond for Mark, the names of the persons to whom such payments were made, and the dates of the payments. Defendant insists, however, that the Federal Rules of Civil Procedure do not provide for an "Answer" to a motion for more definite complaint and that averments as to Mark's defaults should appear in the complaint. While this may appear unduly technical in a case where defendant apparently knows the facts it seeks by this motion, it will further the purpose and effectiveness of the Rules if the issues are created by the pleadings therein provided.

Motion sustained, with leave to file an amended complaint.