**UNITED STATES of America, Plaintiff,**

v.

**Herman VERNON and Grace Vernon, his wife, Defendants.**

**85–3761–CIV–SCOTT.**

United States District Court,
S.D. Florida.

Jan. 7, 1986.

S.W. Sohngen, Jr., Asst. U.S. Atty., Miami, Fla., for plaintiff.

Alec Ross, Miami, Fla., for defendants.

## ORDER DENYING MOTION
## TO DISMISS

SCOTT, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss the Complaint. As a basis for this motion, Defendants argue that the Complaint is defective because Plaintiff has failed to attach all relevant portions of the mortgage which it is forclosing on. Defendants' position is completely unsupported by either statutory or case authority.

A reading of the plain language of Fed.R.Civ.P. 10(c) indicates that written instruments are not required to be attached to a party's pleading. Moreover, case law similarly concludes that "the failure of [a] plaintiff[ ] to attach to their complaint a copy of the contract sued upon is not ground for dismissal of the complaint, since attachment of a contract sued upon is permissive, and not mandatory." *Ryan v. Glenn*, 52 F.R.D. 185, 191 (N.D.Miss.1971); *Maryland Cas. Co. v. Kelly*, 3 F.R.D. 28 (E.D.Pa.1943); *see also* Wright & Miller 5 *Federal Practice and Procedure* section 1327.

The Court also notes that Defendants' motion is groundless for several other reasons. First, the motion itself is devoid of any legal authority. Second, Defendants have failed to comply with Local Rule 10(A)(1) in that they have not filed a sup-porting memorandum of law. Third, Defendants' motion was not accompanied by stamped addressed envelopes for each party entitled to notice, also mandated by the Local Rules.

Upon consideration of Defendants' motion, and for the foregoing reasons, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss is DENIED. The Court invites argument as to why it should not impose sanctions and attorneys' fees for the filing of this motion. *See* Fed.R.Civ.P. 11; 28 U.S.C. 1927. Those provisions essentially provide that an attorney shall not file a "pleading, motion or other paper" which is frivolous.