BANCO CENTRAL CORPORATION, demandante y recurrente, *v.* CAPITOL PLAZA, INC., CAPITOL CENTER LIMITED PARTNERSHIP, S.E. y OTROS, demandados y recurridos.

*Número:* RE-93-496       *Resuelto:* 13 de abril de 1994

*Manuel Moreda Toledo* y *David Muñoz Ocasio*, de *McConnell Valdés*, abogados del recurrente; *Harry Anduze Montaño*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca resolver por primera vez si un emplazamiento es ineficaz porque al diligenciarlo no se incluyó también, junto con la copia de la demanda, copia de sus correspondientes anejos (*exhibit*).

I

Los hechos esenciales del caso son los siguientes.

El 26 de noviembre de 1991 Banco Central Corp. presentó demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria ante el Tribunal Superior, Sala de San Juan. Los emplazamientos correspondientes fueron diligenciados personalmente dentro de los seis meses reglamentarios. Ciertos codemandados comparecieron solicitando prórrogas para contestar la demanda, sin cuestionar la validez del procedimiento seguido para emplazarles y sin objetar la jurisdicción del tribunal. Los codemandados Silva Iglesia y Soto Velázquez comparecieron sin someterse a la jurisdicción del foro de instancia. Solicitaron de éste que anulase sus respectivos emplazamientos y que ordenase la desestimación de la demanda. En la moción de desestimación estos codemandados argumentaron que la demanda les fue entregada sin los anejos (*exhibit*) a los cuales aquélla hacía referencia, por lo que la demanda estaba incompleta y, alegadamente, el emplazamiento era totalmente ineficaz.

Antes de la presentación de la moción de desestimación por los codemandados aludidos, el demandante había pre-

sentado una "moción informativa", que fue notificada a todas las partes, junto con la cual acompañó copia de todos los anejos mencionados en la demanda. Luego de recibir la referida moción de desestimación, el demandante interpuso una moción en la que se oponía a la desestimación y alegaba que la aludida falta de anejos no era un error perjudicial que privara al tribunal de jurisdicción sobre la persona de los codemandados Silva-Soto.

Así las cosas, luego de efectuada una vista evidenciaria y de que las partes presentaran memoriales de derecho sobre el asunto en cuestión, el tribunal de instancia *desestimó con perjuicio la demanda en cuanto a los aludidos codemandados,* fundado en que el diligenciamiento de la demanda y el emplazamiento efectuados eran fatalmente defectuosos por no haber sido entregada, a esos codemandados, una copia completa de la demanda, es decir, con los respectivos anejos. Determinó que ese defecto privaba al tribunal de jurisdicción sobre la persona de dichos codemandados.

De dicha sentencia acudió ante nos el demandante mediante recurso de revisión. Adujo la comisión del error siguiente:

> El Tribunal Superior erró manifiestamente y abusó de su discreción al desestimar con perjuicio y en sus méritos, por alegada falta de jurisdicción sobre la persona, la demanda presentada contra Rolando A. Silva, Nelson Soto Velázquez, sus esposas y respectivas sociedades de gananciales, debido a una alegada defectuosidad en los emplazamientos.
>
> A. Aún sin los anejos, la demanda expone contra los recurridos una causa de acción suficiente que justifica la concesión de un remedio.
>
> B. Aún si realmente hubo un defecto en el diligenciamiento del emplazamiento, el mismo se subsanó, y de no haberse subsanado, el curso de acción correcto era concedernos una oportunidad para emplazar nuevamente a los recurridos. Solicitud de revisión, págs. 9–13.

Mediante una resolución, el 10 de diciembre de 1993 le concedimos un término a los recurridos para mostrar causa por la cual no se debía expedir el recurso solicitado y revocar la sentencia parcial del 14 de septiembre de 1993. Los recurridos comparecieron el 4 de febrero de 1994, luego de haber obtenido una prórroga para ello.

## II

Nos corresponde determinar si tiene mérito la alegación de los recurridos de que el emplazamiento en este caso fue totalmente ineficaz y que no le confería jurisdicción al tribunal sobre la persona de los emplazados. En esencia su planteamiento, acogido por el foro de instancia, es que cuando la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, requiere que el emplazamiento sea diligenciado con una copia de la demanda, se refiere a la demanda completa, incluyendo sus anejos. Por ende, como al momento de diligenciar el emplazamiento no se les hizo entrega de los anejos, el emplazamiento en cuestión es fatalmente defectuoso, según los recurridos, y la posterior notificación de dichos anejos, aun antes de expirar el término para contestar, no subsana el defecto.

Para evaluar el planteamiento concreto ante nos es menester delinear primero los principios y las normas aplicables. Ello es así, particularmente cuando se trata de un asunto novel sobre el cual este Tribunal no se ha expresado antes.

■    Como se sabe, el propósito principal del emplazamiento es notificar al demandado de que se ha instado una acción judicial en su contra, para así garantizarle su derecho a ser oído y a defenderse. *Mundo v. Fúster*, 87 D.P.R. 363 (1963); *Hach Co. v. Pure Water Systems, Inc.*, 114 D.P.R. 58 (1983); *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986). Ahora bien, al momento del emplazamiento, lo que hay que comunicarle al demandado es sólo "una relación

sucinta y sencilla de la reclamación" en su contra. Regla 6.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. No es necesario precisar en ese momento todos los detalles de la acción que se incoa. "[E]n el procedimiento civil moderno se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir prueba ...." *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959). La función de las alegaciones es simplemente bosquejar la controversia, por lo que al momento del emplazamiento a través de la demanda sólo es necesario comunicarle al demandado la naturaleza general de las contenciones del demandante. *Moa v. E.L.A.*, 100 D.P.R. 573 (1972).

■ La Regla 8.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que cualquier documento o escrito que se acompañe como *exhibit* a una alegación se considerará como parte de ésta. Dicha regla, pues, autoriza la presentación de anejos con la demanda. En ocasiones ello es conveniente porque abunda en los hechos de la acción y puede ayudar a clarificar o detallar los mismos. Pero se trata de algo *potestativo*; no es mandatorio. Así lo señalan claramente Wright y Miller en su fundamental tratado sobre procedimiento civil, al interpretar la Regla 10(c) de Procedimiento Civil federal, 28 U.S.C., regla de donde procede la 8.3 nuestra:

> Rule 10(c) authorizes the incorporation of exhibits or writings attached to a pleading and makes them an integral part of the pleadings for all purposes. ...
> The provision for incorporation of exhibits is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his action or defense is based. 5 *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 1327, págs. 761–762 (1990).

Conforme los anteriores conceptos, en *United States v. Vernon*, 108 F.R.D. 741, 742 (1986), se resolvió lo siguiente:

> A reading of the plain language of Fed.R.Civ.P. 10(c) indicates that written instruments are not required to be attached to a party's pleading. Moreover, case law similarly concludes that "the failure of [a] plaintiff[] to attach to their complaint a copy of the contract sued upon is not ground for dismissal of the complaint, since attachment of a contract sued upon is permissive, and not mandatory." *Ryan v. Glenn*, 52 F.R.D. 185, 191 (N.D.Miss.1971); *Maryland Cas. Co. v. Kelly*, 3 F.R.D. 28 (E.D.Pa.1943); see also Wright & Miller 5 *Federal Practice and Procedure* section 1327.

En *United States v. Vernon*, supra, al igual que en el caso ante nos ahora, la parte demandada había solicitado la desestimación de la demanda porque el demandante no había acompañado con ella unos documentos pertinentes a la hipoteca que se pretendía ejecutar, pero allí el tribunal de instancia rechazó la pretensión de la parte demandada.

### III

A la luz de la normativa reseñada brevemente, surge con claridad que, de ordinario, el no entregar copia de los anejos correspondientes a una demanda al momento de diligenciar el emplazamiento no lo hace ineficaz o nulo, ni priva al tribunal de la jurisdicción que de otra forma tendría sobre la persona emplazada. Si de la copia de la demanda sin sus anejos surgen con suficiente claridad los hechos en que se fundamenta la causa de acción, en particular el derecho y el remedio reclamados por el demandante, se cumple con el requisito de entregar copia de la demanda al emplazar, exigido por las Reglas 4.4 y 4.5 de Procedimiento Civil nuestras, 32 L.P.R.A. Ap. III. No tiene sentido jurídico alguno elevar a requisito jurisdiccional un elemento cuya inclusión en la demanda es discrecional.

En el caso ante nos, la demanda en cuestión por sí sola comunicaba suficiente y efectivamente la naturaleza de la

acción interpuesta contra los recurridos y los hechos que la sustentaban. Los demandados estaban bien informados del derecho y del remedio reclamados por el demandante y estaban en posición, de poder contestar la demanda. Se trataba de una acción en cobro de dinero y ejecución de hipoteca por la vía ordinaria. En la demanda se describían claramente todos los detalles esenciales del préstamo otorgado y de la hipoteca que lo garantizaba; se identificaba específicamente a los recurridos Silva y Soto como garantizadores personales solidarios del préstamo; se describía en detalle el incumplimiento de los codemandados; se alegaba de manera específica el monto adeudado, y se reclamaba concretamente el pago de la deuda o la ejecución del inmueble hipotecado en subasta pública.

La demanda hacía referencia a determinados anejos, tales como copia del contrato de préstamo, copia del contrato de hipoteca y copias de las propias declaraciones juradas de los recurridos, mediante las cuales éstos habían constituido sus garantías personales. Estos fueron los anejos que no se le entregaron a los recurridos al momento del emplazamiento, pero que no eran necesarios, sin embargo, para comunicarles a éstos los elementos esenciales de la acción en su contra, ya que dichos elementos estaban todos debidamente relatados en la demanda en sí. Por lo tanto, erró el tribunal de instancia al determinar que el emplazamiento de los recurridos fue fatalmente defectuoso y, por ende, nulo. Las alegaciones en la demanda entregada al emplazar a los recurridos eran suficientes para cumplir con el propósito del emplazamiento de notificarle de la acción en su contra y darle la oportunidad de defenderse. Ello es particularmente cierto en una situación como la de marras, en la cual los anejos en cuestión fueron enviados a los recurridos *antes* de éstos siquiera comparecer a impugnar el emplazamiento, y en la que los anejos en cuestión eran conocidos por los recurridos, ya que ellos eran parte de las transacciones y de los negocios que dieron lugar a la

demanda, y otorgaron algunos de esos anejos. Los recurridos, pues, no habían sufrido ni remotamente daño real alguno por no haber recibido copia de los anejos al diligenciarse el emplazamiento. Decretar la nulidad de dicho emplazamiento y la falta de jurisdicción del tribunal sobre la persona de los recurridos, y desestimar la demanda con perjuicio consecuentemente, constituyeron actos del foro de instancia que no estaban conformes con el propósito de nuestras Reglas de Procedimiento Civil de garantizar un proceso judicial justo, rápido y económico. Prevalecía en ellos un tecnicismo extremo, en detrimento de los reiterados fines de nuestros procedimientos. *Pérez Cruz v. Fernández*, 101 D.P.R. 365 (1973); *García Negrón v. Tribunal Superior*, 104 D.P.R. 727 (1976); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986).

Por los fundamentos expuestos,([1]) *se expide el recurso de revisión solicitado; se dictará sentencia revocatoria de la dictada por el tribunal de instancia el 14 de septiembre de 1993.*

El Juez Asociado Señor Hernández Denton concurrió con opinión escrita.

— O —

Opinión concurrente del Juez Asociado Señor Hernández Denton.

Al igual que la opinión mayoritaria, concluimos que procede revocarse la decisión del tribunal de instancia que desestimó la demanda instada en el presente caso. Sin embargo, concurrimos por entender que, aunque el emplaza-

---

([1]) En vista de lo que aquí resolvemos, no es necesario entrar a resolver concretamente los otros planteamientos ante nos sobre si la posterior entrega de los anejos, antes de que los recurridos compareciesen, subsanó el alegado defecto en el diligenciamiento del emplazamiento; si el alegado defecto era subsanable por enmienda al emplazamiento que el tribunal de instancia debía permitir, y si la desestimación en todo caso no podía ordenarse con perjuicio.

miento realizado fue defectuoso, dicho error quedó debidamente subsanado mediante la moción presentada por el demandante.

La Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, exige que, junto con el emplazamiento, se le entregue al demandado una copia de la demanda. Por su parte, la Regla 8.3 del mismo cuerpo, 32 L.P.R.A. Ap. III, dispone que un anejo que se acompañe a una demanda "se considerará para todos los efectos como parte de ésta". Para emplazar correctamente a una persona es siempre necesario entregarle una copia de la demanda con todos los anejos que pueda tener. Por tal razón, en el presente caso no se emplazó correctamente a los demandados puesto que la copia de la demanda que se les entregó al emplazarlos estaba incompleta por faltarle los anejos.

La opinión mayoritaria concluye que el emplazamiento estuvo bien hecho. Para hacerlo establece que se cumple con el requisito de entregar copia de la demanda al emplazar, exigido esto por la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, si los documentos entregados al demandado al emplazarlo le comunican suficiente y efectivamente la naturaleza de la acción y los hechos que la sustentan. No estamos de acuerdo con este novel dictamen. No es suficiente que lo entregado al demandado cumpla con "el propósito del emplazamiento de notificarle de la acción en su contra y darle la oportunidad de defenderse". Opinión mayoritaria, pág. 766. El criterio que hoy adopta la opinión mayoritaria permitiría concluir que un breve resumen de la demanda constituye "copia de la demanda", la cual podría acompañar al emplazamiento, siempre y cuando el demandado quede razonablemente notificado de la reclamación en su contra. Esta conclusión es contraria al mandato claro y expreso de las Reglas de Procedimiento Civil y constituye una norma peligrosa, de dudosa sabiduría. El requisito impuesto por las reglas es el de entregar una copia de la demanda, no un facsímil razonable.

Por otro lado, la Regla 4.9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza al tribunal a

[e]n cualquier momento a su discreción y en los términos que crea justos ... permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento.

Según surge del texto de esta disposición, los tribunales deben ser liberales en permitir enmiendas al emplazamiento, limitados únicamente por el requisito de que no se perjudiquen sustancialmente los "derechos esenciales" del demandado.

Aunque en este caso se entregó al demandado una copia incompleta de la demanda, por lo cual el emplazamiento estuvo mal hecho, concluimos que no procedía la desestimación de la demanda. Al amparo de la Regla 4.9, *supra*, cuando un emplazamiento es defectuoso por estar incompleta la copia de la demanda, el error se puede corregir mediante una "enmienda al emplazamiento" consistente en una moción que incluya lo omitido de la copia entregada al demandado, a menos que al así proceder se perjudiquen sustancialmente los derechos esenciales del demandado. El tribunal de instancia debió considerar la moción informativa presentada por el demandante como una enmienda al emplazamiento, quedando subsanado el defecto de haber entregado una copia incompleta de la demanda. Como surge claramente de la opinión mayoritaria, los derechos esenciales del aquí demandado no se hubieran perjudicado de haberse permitido la enmienda ni se afectarán por reconocerla ahora.