Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JUAN D. SANTIAGO TORRES<br><br>Demandante – Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Demandada - Apelada | KLAN202400309 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: PO2023CV03659 (806)<br><br>Sobre: Impugnación de Reglamento del Tribunal Supremo de Puerto Rico, Regla 20 y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2024.

El Tribunal de Primera Instancia ("TPI") desestimó, por las alegaciones, una demanda dirigida a impugnar la constitucionalidad del Reglamento del Tribunal Supremo (el "Reglamento") "por violar el **due process of law**" (énfasis en original). Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI porque la demanda, de su faz, no expone una causa de acción jurídicamente viable.

La acción de referencia, contra el Estado Libre Asociado de Puerto Rico ("ELA"), se presentó en diciembre de 2023 por el Sr. José D. Santiago Torres (el "Demandante"), quien la suscribió por derecho propio. Alegó que el Tribunal Supremo de Puerto Rico ("TS") había "tomado varias decisiones adversas al Demandante … basándose en un Reglamento inconstitucional, que contiene unas reglas ambiguas e improcedentes". Aseveró que las disposiciones del Reglamento, en

especial la Regla 20, "violan las disposiciones de las constituciones de Puerto Rico y de los Estados Unidos de América, en cuanto al debido proceso de ley".

El Demandante indicó que, "recientemente han bajado dos casos en mi contra con la muletilla *violación crasa reglamento y/o regla 20*". Señaló que, en el caso AC-2023-0064, el TS indicó que había acogido la apelación como una petición de certiorari y había dispuesto "no ha lugar por incumplimiento craso de la Regla 20 del Reglamento". Además, expuso que, en el caso AC-2023-000, el TS dispuso: "Atendida la apelación presentada, se acoge la misma como certiorari y se declara No Ha Lugar por craso incumplimiento con el Reglamento del Tribunal".

El Demandante planteó que las referidas decisiones del TS eran "arbitraria[s]" y "dictatorial[es]". Sostuvo que, como consecuencia de las mismas, había "dejado de recibir una suma de dinero estimada en Quinientos mil dólares, por lo cual el … ELA debe responder".

A principios de marzo, el ELA presentó una moción de desestimación; el Demandante se opuso. El Demandante arguyó que el TS no atendió los referidos recursos y no le explicó "qué disposición del Reglamento violó para remediarlo". El Demandante también presentó un escrito en el cual sostuvo que la Regla 20 del Reglamento es "super extensa y la notificación de violación crasa es ambigua pues no se puede apreciar qué se viola, y la notificación no lo dice, no especifica en qué falló, es ambigua". Arguyó que el Reglamento es "enorme y rinde pleitesía a los jueces".

Mediante una Sentencia notificada el 20 de marzo (la "Sentencia"), el TPI desestimó la Demanda.

El 1 de abril, por derecho propio, el Demandante presentó el recurso de apelación que nos ocupa. Reprodujo lo planteado ante el TPI; resaltó que el TS "usa [la Regla 20] para obviar su deber

constitucional de cumplir con el debido proceso de ley y rechaza[r] apelaciones sin explicaciones algunas, tan solo diciendo existe violación a dicha Regla 20 que es super extensa, y no indica en qué consiste su criterio de que se violó".

Prescindiendo de trámites ulteriores, de conformidad con lo autorizado por la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos.

Es liberal el estándar aplicable a la suficiencia de las alegaciones en una demanda. La Regla 6.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.1, solamente requiere que las alegaciones contengan "una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio". Esta formulación es, en lo esencial, idéntica al lenguaje anterior de dicha regla. Véase *Dorante v. Wrangle*r, 145 DPR 408 (1998).

Las "alegaciones sólo tienen el propósito de notificar, a grandes rasgos, a la parte demandada, de las reclamaciones en su contra, para que pueda comparecer a defenderse si así lo desea." *Dorante, supra*; *Sánchez Montalvo v. Autoridad de Puertos*, 153 DPR 559, 569 (2001); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994). "Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos … es imprescindible recurrir a los procedimientos para descubrir prueba." *Banco Central v. Capitol Plaza*, 135 DPR 760, 764 (1994) (citas omitidas).

Así pues, para evaluar si las alegaciones son suficientes, de su faz, debemos tomar como ciertos todos los hechos bien alegados en la demanda, las cuales se interpretarán "conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006);

*Dorante, supra*; *Sánchez Montalvo, supra*; *Pressure Vessels, supra*; *Unisys Puerto Rico v. Ramallo Bros.*, 128 DPR 842, 858 (1991). De conformidad, las alegaciones se reputarán suficientes salvo que se "demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar" a raíz de las alegaciones formuladas. *Aut. Tierras, supra*; *Colón, supra*; *Dorante, supra*; *Pressure Vessels, supra*; *Unisys Puerto Rico, supra*.

Concluimos que actuó correctamente el TPI al desestimar la Demanda. Es patente que las alegaciones de la Demanda, aun bajo el estándar liberal que prevalece en su evaluación, no configuran una causa de acción jurídicamente viable contra el ELA.

Adviértase que, en esencia, la Demanda lo que expone es la inconformidad del Demandante con la forma en que el TS ha dispuesto de unos recursos presentados por este ante dicho foro. No obstante, en nuestro ordenamiento civil, no existe una causa de acción por tal concepto.

En cuanto el Demandante pretende plantear que el Reglamento es inconstitucional de su faz, también se trata de una causa de acción que no es viable jurídicamente. El Reglamento no adolece de vicio constitucional alguno; de hecho, más allá de formular aseveraciones escuetas y genéricas (como, por ejemplo, al señalar que el Reglamento es "extenso" y "ambiguo"), el Demandante no explica en qué podría consistir el supuesto defecto constitucional del Reglamento. Finalmente, y contrario a lo planteado por el Demandante, no existe disposición jurídica alguna que obligue al TS a explicarle a un litigante su determinación de denegar la expedición del auto discrecional de *certiorari*.

II.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones