Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NANCY SANTIAGO MARCANO, LOUIS ORTIZ SANTIAGO Y JEAN LOUIS ORTIZ SANTIAGO<br><br>RECURRIDOS<br><br>v.<br><br>DIANA ORTIZ BORGES, ET ALS.<br><br>PETICIONARIO | TA2025CE00319 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV08080<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

### I.

El 20 de agosto de 2025, la corporación Royal Flush Imports, Corp. (Royal Flush o parte peticionaria) presentó digitalmente un recurso *de Certiorari* en el cual nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 18 de julio de 2025, notificada y archivada digitalmente en autos el 21 de julio de 2025.[1] En la referida *Resolución,* el TPI declaró No Ha Lugar la solicitud de desestimación parcial presentada por la parte peticionaria.

Junto al recurso, Royal Flush presentó una *Moción al amparo de la Regla 79* en la que solicitó que emitiéramos una orden provisional para relevarla de contestar la demanda y paralizara el descubrimiento de prueba en cuanto a ésta.

---

[1] Véase la Entrada Núm. 86 del expediente digital del caso en el Sistema Unificado de Manejo y Administración del Caso (SUMAC) del TPI.

El 21 de agosto de 2025, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción. Además, le concedimos hasta el 2 de septiembre de 2025 a la señora Nancy Santiago Marcano, y sus hijos Louis Ortiz Santiago y Jean Louis Ortiz Santiago (Sucesión Ángel L. Ortiz Borges o parte recurrida) para exponer su posición respecto a los méritos del recurso.

El 2 de septiembre de 2025, la parte recurrida presentó una *Moción en cumplimiento de orden posicional respecto a los méritos del recurso de certiorari,* en la que sostuvo que el TPI no cometió los errores señalados. En consecuencia, solicitó que se deniegue la expedición del auto de *certiorari* o, en la alternativa, se confirme la *Resolución* del TPI.

Contando con el beneficio de la comparecencia de las partes damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales más relevantes del caso.

**II.**

El caso de marras tuvo su génesis el 23 de agosto de 2023, cuando la señora Nancy Ortiz Santiago y sus hijos Louis Ortiz Santiago y Jean Louis Ortiz Santiago, viuda e hijos de Ángel Luis Ortiz Borges, quien falleció el 29 de agosto de 2019 (Sucesión Ángel L. Ortiz Borges o parte recurrida), presentaron una demanda sobre partición de herencia en contra de Royal Flush y otros.[2] En esta, solicitaron la liquidación de la comunidad hereditaria de Elena Borges Ortiz y Ángel Luis Ortiz Nieves, quienes fallecieron intestados el 20 de noviembre de 2000 y el 31 de diciembre de 2021, respectivamente. Ambos, eran los abuelos de los codemandantes Louis Ortiz Santiago y Jean Louis Ortiz Santiago, quienes comparecieron por representación.

---

[2] Véase Entrada Núm. 1 en SUMAC-TPI.

La parte recurrida indicó que el foro primario, mediante *Resolución* en el caso *DJV20020305,* había declarado como únicos y universales herederos a los tres hijos: Diana Ortiz Borges, Magdalena Ortiz Borges y Ángel L. Ortiz Borges, quien falleció el 29 de agosto de 2019. En consecuencia, la Sucesión de Ángel L. Ortiz Borges sostuvo que los codemandantes Louis Ortiz Santiago y Jean Louis Ortiz poseen una partición del 33% de la herencia de su abuelo. Asimismo, alegaron que el codemandado Manuel Ortiz Nieves posee bienes en comunidad con la extinta sociedad legal de gananciales habida entre Nancy Santiago Marcano y Ángel L. Ortiz Borges, quien, además, le adeuda dinero a los demandantes producto de la compraventa de una participación en unos inmuebles ubicados en Naranjito.

En lo relativo a las corporaciones incluidas como demandadas, los recurridos sostuvieron que éstas constituían parte indispensable en el pleito, dado que formaban parte del caudal relicto de los causantes, Elena Borges Ortiz y Ángel Luis Ortiz Nieves. Particularmente, respecto a la empresa Royal Flush, propietaria de un bien inmueble ubicado en la Marina de Salinas, los codemandantes alegaron que Elena Borges Ortiz y Ángel Luis Ortiz Nieves, eran en un principio, accionistas de dicha corporación. Esta alegación se fundamentó en el Relevo de Hacienda de Elena Borges y en los estados financieros de Ángel Luis Ortiz Nieves. En consecuencia, la Sucesión de Ángel L. Ortiz Borges argumentó que, Nancy Santiago Marcano, como cónyuge supérstite de Ángel L. Ortiz Borges, tenía derecho a recibir una cuota correspondiente al usufructo legal viudal sobre la participación que le correspondía a su esposo en la herencia de Elena Borges Ortiz.

Según se desprende de las alegaciones contenidas en la demanda, los recurridos señalaron que la señora Diana Borges Ortiz, fungió como incorporadora de la corporación Royal Flush,

desde el momento que fue organizada en marzo de 2000. Indicaron, además, que la corporación fue formalmente inscrita en el Registro de Corporaciones, el 29 de noviembre de 2000, es decir, veintiún (21) días después del fallecimiento de la causante Elena Borges Ortiz.

Por otro lado, los recurridos alegaron que, entre los años 2002 y 2003, el causante Ángel L. Ortiz Borges, por sí y en representación de la Sociedad legal de Gananciales compuesta por éste y Nancy Santiago Marcano, negoció con la corporación Royal Flush la compraventa del inmueble ubicado en la Marina de Salinas. Como parte de dicha transacción, se alegó que otorgaron un cheque de $700,000.00 e iniciaron actos de dominio sobre la propiedad. Asímismo, los recurridos señalaron que se había acordado el otorgamiento de la escritura de compraventa en el 2009. Sin embargo, dicha escritura no pudo ser otorgada. De igual modo, así mismo, los recurridos alegaron, que la sociedad legal de gananciales compuesta por Ángel L. Ortiz Borges y Nancy Santiago Marcano estuvo pagando las contribuciones sobre la propiedad durante un periodo de quince (15) años, además, de haber realizado mejoras significativas en inmueble ubicado en la Marina.

Adicionalmente, imputaron a la señora Diana Borges Ortiz, en su carácter de presidenta de Royal Flush, haber obstaculizado la participación de la Sucesión Ángel L. Ortiz Borges en la referida corporación y haber realizado transacciones contrarias a las disposiciones legales en materia de herencia. En vista de lo anterior, los recurridos solicitaron la liquidación de la comunidad de bienes existentes, así como la venta de los inmuebles que forman parte del caudal relicto de Elena Borges Ortiz y Ángel Luis Ortiz Nieves.

También, los recurridos indicaron que la compañía Royal Flush, presentó una demanda de desahucio en precario contra la señora Nancy Santiago Marcano, bajo el caso SA2022CV000132. En

respuesta, la Sucesión Ángel Ortiz Borges solicitó ante el foro primario autorización para intervenir en dicho pleito. No obstante, el foro primario denegó tanto la solicitud de intervención por la sucesión y como la petición de conversión del procedimiento en un pleito ordinario. Consecuentemente, el 12 de diciembre de 2022, el TPI emitió una *Sentencia*, en favor de Royal Flush, en la cual le ordenó el desalojo inmediato a la señora Santiago Marcano de la propiedad objeto del pleito.

En esa misma línea, la parte recurrida alegó que, en dicho procedimiento, el TPI no atendió la titularidad del inmueble, dado que se trataba de un proceso sumario de desahucio, en el cual únicamente se resolvió el aspecto posesorio y no se adjudicó derecho de propiedad alguno.

Luego de varios trámites procesales, incluyendo la anotación de rebeldía sobre Royal Flush, el 11 de junio de 2024, Royal Flush presentó una *Moción en "reconsideración anotación de rebeldía y solicitud de desestimación parcial bajo la Regla 10.2 (5) y/o 10.5 de Procedimiento Civil"*.[3] En dicha moción, solicitó la reconsideración de la anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3. De otra parte, Royal Flush argumentó que debía ser desestimada la demanda por dejar de exponer una reclamación que justifique un remedio en su contra. Particularmente, sostuvo que ninguno de los codemandantes tenía derecho a reclamar una participación sobre Royal Flush bajo la teoría de corporación de *facto*, por entender que: la corporación Royal Flush fue formalmente incorporada el 29 de noviembre de 2000, esto es, nueve (9) días después del fallecimiento de la señora Elena Borges Ortiz, y la derogada Ley General de Corporaciones de Puerto Rico de 1995, Ley Núm. 144 de 10 de agosto de 1995, 14

---

[3] Véase, Entrada Núm. 58 en SUMAC del TPI.

LPRA ant. sec. 2601, no reconocía la figura de corporación de facto. Por tanto, alegó que Royal Flush no formó parte del caudal relicto de Elena Borges Ortiz, dado que no existía jurídicamente al momento de su fallecimiento.

Sostuvo, además, que el estado financiero compilado del año 2007 no fue suficiente para sostener una causa de acción e invocó la doctrina de cosa juzgada y/o impedimento colateral por sentencia, alegando que dicho documento ya había sido objeto de análisis y adjudicación en el pleito de desahucio, junto con cualquier otro documento presentado y objetado durante ese procedimiento. Por ellos, argumentó que no podría ser nuevamente litigados. Así las cosas, solicitó la desestimación de la causa de acción en su contra o, en la alternativa, la eliminación de todas las alegaciones que indicaran que la parte recurrida eran accionistas de Royal Flush.

Por su parte, el 1 de julio de 2024, la parte recurrida presentó una *Moción oposición a desestimación.*[4] En esencia, alegó que Royal Flush indujo a error al entrelazar el concepto de la posesión de un inmueble, titularidad de este y la propiedad o participación accionaria en una corporación, con el propósito de solicitar la desestimación. Además, sostuvo que la desestimación no procedía debido a que aún subsisten controversias reales y sustanciales respecto a la partición de la extinta sociedad legal de gananciales compuesta por los causantes Elena Borges Ortiz y Ángel Luis Ortiz Nieves, específicamente, en relación con la corporación Royal Flush, las cuales aún no han sido debidamente atendidas por el foro pertinente. En apoyo a su argumento, detalló que, de la prueba presentada se encuentra la planilla de caudal relicto de la causante Elena Borges radicada el 13 de febrero de 2009, en donde se reconoce su participación en las acciones en Royal Flush, así como

---

[4] Véase, Entrada Núm. 64 en SUMAC del TPI.

un compilado de los estados financieros del causante Ángel Luis Ortiz Nieves y un pago de $29,902.18 realizado por este último como pronto para la compra de la propiedad de la Marina de Salinas.

El 16 de julio de 2024, Royal Flush presentó una *Réplica a Moción en oposición a la desestimación,* en la cual reiteró que las alegaciones contenidas en la demanda no configuran una causa de acción válida en su contra.[5] En particular, sostuvo que la corporación fue inscrita luego del fallecimiento de la causante Elena Borges Ortiz, por lo que dichas alegaciones son improcedentes dado a que la parte recurrida no puede alegar que dichas acciones formen parte de la extinta sociedad legal de gananciales compuesta por Elena Borges Ortiz y Ángel Luis Ortiz Nieves. Además, reiteró que la parte recurrida está impedida de litigar nuevamente asuntos planteados en el pleito de desahucio. Por último, sostuvo que los documentos y alegaciones presentadas como parte de la *Moción en oposición a la desestimación* no formaron parte de la Demanda y, por ende, constituyen prueba inadmisible.

Consecuentemente, el 18 de julio de 2025, el foro primario emitió una *Resolución* en la cual declaró No Ha Lugar una *Moción en Reconsideración a la anotación de rebeldía y solicitud de desestimación presentada bajo la Regla 10.2 (5) y/o 10.5 de Procedimiento Civil,* presentada por Royal Flush por entender que no se cumplieron con las exigencias para conceder una moción eliminatoria y una moción de desestimación.[6] Por otra parte, el foro primario declaró Ha Lugar la *Moción en oposición a desestimación* presentada por la Sucesión Ángel L. Ortiz Borges, ordenando en consecuencia, la continuación de los procedimientos. En síntesis, el foro primario concluyó que, a la luz de una interpretación más favorable para la parte recurrida, y habiendo aceptado como cierto

---

[5] Véase Entrada Núm. 66 en SUMAC del TPI.
[6] Véase Entrada Núm. 86 en SUMAC del TPI.

los hechos correctamente alegados y sin material hipotético o especulativo, la causa de acción aduce hechos que justifican la concesión de un remedio. Por lo tanto, determinó que la controversia debía ser resuelta en su fondo y que ameritaba la continuación de los procedimientos.

En esa misma línea, el foro primario sostuvo que la reclamación presentada por la Sucesión Ángel L. Ortiz Borges fue viable, plausible y válida en derecho, por lo que no correspondía desestimar la demanda contra Royal Flush en la etapa procesal en que se encuentra el caso. Así mismo, el tribunal enfatizó que no procedía desestimar una reclamación sin permitir el beneficio del descubrimiento de prueba, salvo que de la causa de acción carezca de todo posible mérito. De igual forma, concluyó que las alegaciones que involucran a Royal Flush y el presunto derecho ganancial sobre las acciones de Elena Borges Ortiz, eran pertinentes a la causa de acción sobre la partición y liquidación de la comunidad de bienes. Por lo tanto, determinó que tampoco procedía la eliminación de dichas alegaciones.

Oportunamente, el 5 de agosto de 2025, la parte peticionaria presentó una *Solicitud de reconsideración de entrada 86 de SUMAC*.[7] El 6 de agosto de 2025, el foro primario emitió una *Orden* en la que la declaró No Ha Lugar.[8]

Inconforme, el 20 de agosto de 2025, la parte peticionaria recurrió ante este Tribunal mediante el presente recurso de *Certiorari* en el que formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal al no conceder el remedio solicitado por la parte demandada aquí compareciente, según fue solicitado bajo la Regla 10.2 (5) de Procedimiento Civil.

> Erró el Honorable Tribunal de Instancia al no considerar de aplicación la doctrina de cosa juzgada y/o impedimento colateral aplicable al caso de autos.

---

[7] Véase, Entrada Núm. 88 en SUMAC del TPI.
[8] Véase, Entrada Núm. 89 en SUMAC del TPI.

En síntesis, la parte peticionaria sostuvo que las alegaciones formuladas en la demanda respecto a Royal Flush, son sustancialmente las mismas alegaciones que fueron presentadas en el pleito de desahucio, en el cual recayó una sentencia final y firme. En virtud de ello, argumentó que debe prevalecer la defensa de cosa juzgada y/o impedimento colateral por sentencia, lo cual amerita la desestimación de la causa de acción relacionada con Royal Flush.

Junto al recurso, esta también radicó una *Moción al amparo de la regla 79* solicitando una orden provisional para no contestar la *Demanda* y la paralización del descubrimiento de prueba en cuanto a Royal Flush.

Por su parte, el 2 de septiembre de 2025, la parte recurrida presentó su oposición. En la misma, sostiene que no se cometieron los señalamientos de error, por lo cual solicita que se deniegue la expedición del auto de *certiorari* o, en la alternativa, se confirme la *Resolución* del TPI.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra*, R.52.1,[9] establece las instancias en las que el foro revisor posee autoridad

---

[9] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[10]

---

denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[10] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.(D) Si el asunto planteado exige consideración más

**B.**

La Regla 10.2 de Procedimiento Civil, supra, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. La presentación de cualquiera de estas mociones interrumpe el plazo para contestar la reclamación.

El Tribunal Supremo de Puerto Rico ratificó en ***Costas Elena y otros v. Magic Sport y otros,*** 213 DPR 523 (2024), las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra.* Estas normas son las siguientes:

> (1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.
> (2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), supra, el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.
> (3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.
> (4) Toda duda debe resolverse a favor del demandante.
> **(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación.** Íd. (Énfasis nuestro).

---

detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La privación de un litigante de su día en corte sólo procede en casos extremos. Ahora bien, la desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas podrán ser probadas con el descubrimiento de prueba.

**C.**

Una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación, sino también, en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad justa de ser oída. ***Comisión de los Puertos de Mayagüez v. González Freyre,*** 211 DPR 579 (2023) (citando a ***Marrero Rosado v. Marrero Rosado,*** 178 DPR 476 (2010)). De igual modo, como general, un acuerdo tiene el efecto de cosa juzgada entre las partes. ***Díaz Rodríguez v. García Neris,*** 208 DPR 706 (2022).

Ahora bien, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. ***Meléndez v. García***, 158 DPR 77 (2002). ***Pagán Hernández v. U.P.R.,*** 107 DPR 720 (1978). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. ***Ortiz Matías v. Mora Development,*** 187 DPR 649 (2013). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. ***Presidential v. Transcaribe***, 186 DPR 263 (2012). Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones

surgen de la misma transacción o núcleo de hechos. ***Presidential v. Transcaribe***, supra. En cuanto a cosa, se refiere al objeto o la materia sobre la cual se ejercita la acción, aunque haya disminuido o alterado. ***Presidential v. Transcaribe***, supra. En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. ***Presidential v. Transcaribe***, supra.

En armonía con lo anterior, la referida doctrina abarca la modalidad de impedimento colateral. El Tribunal Supremo de Puerto Rico establece que el impedimento colateral por sentencia "surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final". ***Bacardí Corporation v. Torres Arroyo,*** 202 DPR 1014, 1025 (2019); ***A & P Gen. Contractors v. Asoc. Caná,*** 110 DPR 753, 762 (1981). Esta vertiente no requiere el cumplimiento de identidad de causa. ***Beníquez v. Vargas***, 184 DPR 210 (2012). No obstante, no procede su aplicación cuando: (1) la parte no ha tenido la oportunidad de litigar previamente el asunto, o (2) pudiendo haber litigado el asunto en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. ***Beníquez v. Vargas***, supra.

### IV.

En el caso de marras, Royal Flush le imputa al TPI la comisión de dos errores. En síntesis, Royal Flush sostiene que erró el TPI al declarar "No Ha Lugar" su solicitud de reconsideración a la anotación de rebeldía y solicitud de desestimación presentada al amparo de la Regla 10.2 (5) y/o 10.5 de Procedimiento Civil, *supra.* Particularmente, Royal Flush alega que el foro primario debió eliminar las alegaciones relacionadas con la titularidad de las

acciones de dicha corporación, así como aquellas sobre sobre la propiedad de unos terrenos ubicados en la Marina de Salinas, cuya titularidad alega ostentar.

Royal Flush sostiene que procede la desestimación de la Demanda en su contra, toda vez que esta no expone una reclamación que amerite la concesión de un remedio. En cuanto, a la señora Nancy Santiago, alega que esta no ostenta derecho alguno relacionado con Royal Flush, ya que dicha corporación fue incorporada en el Registro de Corporaciones nueve (9) días después del fallecimiento de la señora Elena Borges Ortiz. Alega, además, que, conforme a la Ley General de Corporaciones de 1995, *supra,* no se reconocía la figura de corporación de facto; por consecuencia, Royal Flush no forma parte del caudal relicto de Elena Borges, dado que no existía jurídicamente al momento de su fallecimiento. Asimismo, la parte peticionaria sostiene que su esposo premurió a su padre, por lo que no tiene derecho alguno sobre la herencia del señor Ángel Ortiz Nieves. En esa misma línea, con relación a Louis Ortiz Santiago y Jean Ortiz Santiago, alega que se cumplen con los requisitos de cosa juzgada e impedimento colateral de la sentencia dictada por el tribunal en el caso de desahucio, por lo que estos están impedidos de litigar los asuntos nuevamente.

Por último, sostiene que los asuntos objeto de la moción eliminatoria ya fueron resueltos en el pleito de desahucio SA2022CV00132, por lo que invoca la doctrina de cosa juzgada como impedimento para que sean dilucidados nuevamente en el presente caso.

En desacuerdo, la parte recurrida sostiene que la desestimación no procede, toda vez que aún subsisten controversias reales y sustanciales respecto a la partición de la extinta sociedad legal de gananciales compuesta por los causantes Elena Borges Ortiz y Ángel Luis Ortiz Nieves, específicamente, en relación con la

corporación Royal Flush, las cuales no han sido debidamente atendidas por el foro pertinente. La parte recurrida argumenta que existen cuestiones de hechos sustanciales que deben ser dilucidadas mediante procedimiento ordinario, dado a que: (1) la demanda plantea causas de acción plausibles; (2) corresponde a la etapa probatoria definir con precisión la titularidad de los bienes; y (3) el foro primario actuó dentro de su discreción razonable al denegar la desestimación y la eliminación de las alegaciones.

En apoyo a su postura, sostiene que la sentencia en el caso de desahucio no resolvió de forma concluyente la titularidad de las acciones de Royal Flush, así tampoco, del inmueble objeto de la controversia ubicado en la Marina de Salinas. Por ello, concluye que no procede la aplicación de la doctrina de cosa juzgada y/o impedimento colateral, toda vez que los derechos y la titularidad sobre los bienes no han sido adjudicados en ninguno de los pleitos sobre los cuales se le solicitó a este tribunal que tomara conocimiento judicial. Sostiene que tales acciones deben dilucidarse mediante un pleito ordinario.

Tras un análisis objetivo, sereno y cuidadoso del expediente, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite nuestra intervención con la determinación del foro primario. La *Resolución* recurrida es esencialmente correcta en derecho, al no haberse incurrido en un abuso de discreción, pasión, prejuicio, o parcialidad. El TPI actuó de acuerdo con la normativa aplicable al caso.

En cuanto a ambos señalamientos de error, entendemos que no procede la solicitud de desestimación, así tampoco procede la aplicación de la doctrina de cosa juzgada y/o impedimento colateral

presentada por la parte peticionaria, por cuanto la Sucesión Ángel L. Ortiz Borges ha presentado una reclamación viable, plausible y válida en derecho.

Cabe señalar, que una demanda solo procede ser desestimada cuando surge claramente que la parte demandante no tiene derecho a remedio alguno conforme al estado de derecho vigente, y que, al llegar a una etapa final de los procedimientos no habrá de prevalecer. Como resultado, la pauta prevaleciente es que, a menos que la demanda carezca de todo posible mérito, no procede desestimar las reclamaciones sin el beneficio de permitir un amplio ejercicio de los mecanismos de descubrimiento de prueba. J. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 3.°ed.rev., Ponce, Ed. Nomos, S.A., 2023, pág. 143 (citando a **Banco Central v. Capitol Plaza,** 135 DPR 760 (1994).

Además, para que prospere la defensa de cosa juzgada, la presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. **Ortiz Matías v. Mora Development,** supra. En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. De un análisis cuidadoso del expediente, y de la sentencia emitida en el pleito de desahucio instada por Royal Flush, bajo el caso SA2022CV000132, en la que se invoca la defensa, no surge que concurran los criterios antes señalados. Específicamente, dicha sentencia no aborda o adjudica el asunto de la titularidad de las acciones que reclama la parte recurrida.

Por otro lado, es cierto que distinto a la defensa de cosa juzgada, el impedimento colateral por sentencia no es necesario que se dé el requisito de identidad de causas. No obstante, no procede su aplicación cuando: (1) la parte no ha tenido la oportunidad de litigar previamente el asunto, o (2) pudiendo haber litigado el asunto

en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. Por lo tanto, entendemos que el objeto de la acción del desahucio fue estrictamente el desalojo de la propiedad de la Marina de Salinas, y que la Sentencia dictada en dicho caso no fue concluyente en cuanto a la titularidad de las acciones de Royal Flush.

En el caso de marras, entendemos que existen cuestiones de hechos sustanciales que deben ser atendidas bajo un procedimiento ordinario, particularmente en lo que respecta a la titularidad de las acciones de Royal Flush, así como la del inmueble ubicado en la Marina de Salinas. Por lo tanto, entendemos que no procede la desestimación de la causa de acción al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* así tampoco procede la defensa de la doctrina de cosa juzgada y/o impedimento colateral por sentencia.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones